1 Sara J. Lipowitz (State Bar No. 209163)
LAW OFFICE OF SARA J. LIPOWITZ
2 303 Potrero St., #45-102
3 Santa Cruz, California 95060
Telephone Number: (831) 427-0546
4 Facsimile Number: (831) 427-0530
Email Address: saral@lipowitzsolutions.com
5
6 Attorney for Debtors,
Noemi Valdez Pinedo and
7 Margarito Alonso Pinedo

8 **UNITED STATES BANKRUPTCY COURT**

9 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN JOSE DIVISION**

| In re: | Case No. 09-54650-ASW |
|---|---|
| NOEMI VALDEZ PINEDO and MARGARITO ALONSO PINEDO, | Individual Case Under Chapter 11 |
| Debtors. | |

**NOEMI VALDEZ PINEDO and MARGARITO ALONSO
PINEDO'S FOURTH AMENDED PLAN OF REORGANIZATION**

**May 27, 2010**

**ARTICLE I
SUMMARY**

This fourth amended Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Noemi Valdez Pinedo and Margarito Alonso Pinedo (the "Debtors") from rental payments, cash flow from operations, and future income. This Plan provides for one class of priority claims; two classes of secured claims; and three classes of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the proponents of

this Plan have valued at approximately $0.04 cents on the dollar. This Plan also provides for the payment of all administrative claims.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   <u>Class 1</u>.   The claim of the California State Equalization Board, to the extent allowed as a priority claim under § 507 of the Code.

2.02   <u>Class 2</u>.   The claim of <u>America's Wholesale Lender related to Debtors' property, located at 418 California St., Salinas, CA</u>, to the extent allowed as a secured claim under § 506 of the Code.

2.03   <u>Class 3</u>.   The claim of <u>America's Wholesale Lender related to Debtors' property, located at 406 California St., Salinas, CA</u>, to the extent allowed as a secured claim under § 506 of the Code.

2.04   <u>Class 4</u>.   The undersecured deficiency claims of America's Wholesale Lender on Debtors' properties located at 406 and 418 California Street, Salinas, CA, to the extent allowed as unsecured claims under § 506 of the Code.

2.05   <u>Class 5</u>.   All general unsecured claims allowed under § 502 of the Code.

2.06   <u>Class 6</u>.   All unsecured claims designated as "convenience class claims" under § 1122(b) of the Code. A convenience class claim is defined as any allowed unsecured claim in the amount of $1,500.00 or less.

///

///

///

2
FOURTH AMENDED PLAN OF REORGANIZATION                    Case No. 09-54650-ASW

Case: 09-54650    Doc# 72-1    Filed: 05/27/10    Entered: 05/27/10 16:21:57    Page 2 of 6

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 <u>Unclassified Claims</u>. Under section §1123(a)(1), administrative expense claims are not in classes.

3.02 <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 <u>Priority Tax Claims</u>. Each holder of a priority tax claim will be paid as described in Article IV.

3.04 <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – State Board of Equalization | Impaired | Class 1 is impaired by this Plan. Each holder of a Class 1 Priority Claim will be paid in full in quarterly installments.<br><br>Quarterly Pmt = $80.76<br><br>Pmts Begin = 30 days after the effective date of the Plan<br><br>Pmts End = 40 months<br><br>Interest rate 2% |
| Class 2 – Secured Claim of America's Wholesale Lender on 418 California St., Salinas, CA | Impaired | Class 2 is impaired by this Plan. Creditor will be paid the value of Creditors' secured claim in full in monthly installments over 360 months from the effective date of the Plan together with interest at 6% per annum. |

| | | |
|---|---|---|
| Class 3 – Secured Claim of America's Wholesale Lender on 406 California St., Salinas, CA | Impaired | Class 3 is impaired by this Plan. Creditor will be paid the value of Creditors' secured claim in full in monthly installments over 360 months from the effective date of the Plan together with interest at 6% per annum. |
| Class 4 – Undersecured Deficiency Claims | Impaired | Class 4 is impaired by this Plan. Creditor will be paid the same as general unsecured creditors. |
| Class 5 - General Unsecured Creditors | Impaired | Creditors holding Class 4 and 5 claims will receive quarterly payments over 60 months from the effective date of the Plan equal to a pro-rata portion of $38,000.00, a recovery of approximately 4% on their claims. <br><br> The amount of each payment to be distributed to holders of Class 4 and Class 5 claims is $1,900.00 per quarter. |
| Class 6 – Administrative Convenience Class | Impaired | Class 6 is impaired by this Plan. Class 6 is defined as all allowed unsecured claims in an amount of $1,500 or less. Creditors holding Class 6 claims will receive, on the effective date of the Plan, a one-time distribution equal to $.25 for every dollar of allowed claim. |

# ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Assumed Executory Contracts and Unexpired Leases. The Debtors assume all executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII. There are no executory contracts or unexpired leases known to Debtors at this time.

# ARTICLE VII
# GENERAL PROVISIONS

8.01 <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02 <u>Effective Date of Plan.</u> The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

# ARTICLE VIII
# DISCHARGE

<u>Discharge.</u> Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

# ARTICLE IX
# PLAN EXECUTION

9.01 <u>Payments</u>. Debtors will make mortgage payments to Creditor America's Wholesale Lender by writing and sending checks monthly to such Creditor for the life of the loan as amended by this Plan. Debtors will make quarterly payments to general unsecured creditors. The full amount received by general unsecured creditors will total $38,000.00 over 60 months.

9.02 <u>United States Trustee</u>. Debtors will file quarterly reports in the form prescribed by the United States Trustee and will pay quarterly fees until the case is converted, dismissed, or closed.

9.03 <u>Conversion</u>. On the Effective Date, all property of the estate shall vest in the Reorganized Debtor pursuant to Section 1141(b) of the Bankruptcy Code, provided that the vesting of said property shall be without prejudice and shall not act as a bar to a post-confirmation motion to convert this case to one under chapter 7 of Title 11 by the United States Trustee or any other part in interest on any appropriate grounds, and upon the granting of such motion, the Plan shall terminate and the chapter 7 estate shall consist of all remaining property of the chapter 11 estate not already administered. Such remaining property shall be administered by the chapter 7 Trustee as prescribed in chapter 7 of the Bankruptcy Code. The Reorganized Debtor reserves the right to oppose any such motion.

Dated: May 27, 2010

Respectfully submitted,

By: /s/ Noemi Valdez Pinedo
Noemi Valdez Pinedo, Debtor

By: /s/ Margarito Alonso Pinedo
Margarito Alonso Pinedo, Debtor

By: /s/ Sara J. Lipowitz
Sara J. Lipowitz, Attorney for the Debtors