Sara J. Lipowitz (State Bar No. 209163)
LAW OFFICE OF SARA J. LIPOWITZ
303 Potrero St., #45-102
Santa Cruz, California 95060
Telephone Number: (831) 427-0546
Facsimile Number: (831) 427-0530
Email Address: saral@lipowitzsolutions.com

Attorney for Debtors,
Noemi Valdez Pinedo and
Margarito Alonso Pinedo

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>NOEMI VALDEZ PINEDO and<br>MARGARITO ALONSO PINEDO,<br><br>    Debtors. | Case No. 09-54650-ASW<br><br>Chapter 11<br><br>**DEBTORS' REPLY TO OBJECTION TO CONFIRMATION OF THEIR CHAPTER 11 PLAN OF REORGANIZATION** |

Debtors NOEMI VALDEZ PINEDO and MARGARITO ALONSO PINEDO ("Debtors"), by and through their counsel, Law Office of Sara J. Lipowitz, submit this reply to the Objections to Confirmation of Chapter 11 Plan of Reorganization (the "Objection") filed by The Bank of New York Mellon f/k/a The Bank of New York as Successor to JP Morgan Chase Bank, N.A. as Trustee for the Holders of SAMI II2006-AR6, MTG Pass-Through Certificates, Series 2006-AR6 and BAC Home Loans Servicing, LP[1] (collectively, "Mellon"). In support of their reply, the Debtors respectfully represent as follows:

---

[1] The question of who represents BAC in this case is still unresolved. Mellon's counsel claims that it does (though possibly only as to certain property of the Debtors) while the law firm of Prober and Raphael, which has appeared multiple times on behalf of BAC, including as recently as this week when one of its attorneys signed and filed a ballot on behalf of this creditor, also claims to be BAC's counsel.

**Argument**

1. Mellon's Objection should be overruled. Mellon argues that confirmation should be delayed because the Debtors' plan of reorganization improperly describes the impairment of claims. But, this argument is based on Mellon's reading of an old, outdated version of the Debtors' plan. The current version of the plan, the Fourth Amended Plan of Reorganization (the "Plan"), explicitly states that every class of claims is impaired and entitled to vote. (See Article IV of the Plan). Accordingly, Mellon's argument should be overruled as moot as its concern has already been addressed by the Debtors.

2. In addition to objecting to confirmation of the Plan, Mellon's Objection states – in the final sentence – "Secured Creditors requests that its secured claim by temporarily allowed for voting purposes if the Debtors are attempting to impair the claim notwithstanding the Plan that provides no impairment of the claim is envisioned." (See Objection at page 4, lines 20-23.) If this is a request to have the ballot it submitted counted for confirmation purposes, this request should be rejected.

3. First, the request is procedurally defective. Requests for court action must, of course, be made by motion, not via a "throw away" sentence in an objection. (See, e.g., FRBP 9013 "A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing."). In this case, no motion has been made seeking court relief related to this issue. Second, even if the motion were procedurally proper, this Court should reject the request on the merits as Mellon is not listed on the Debtors' schedules and failed to timely file a proof of claim. Therefore, Mellon's request for allowance of its purported claim under Rule 3018 of the Federal Rules of Bankruptcy Procedure should be denied.

REPLY TO OBJECTION TO CONFIRMATION  Case No. 09-54650-ASW

**WHEREFORE**, Debtors respectfully request (i) that Mellon's Objection be overruled, (ii) that the Court confirm Debtors' Fourth Amended Plan of Reorganization, and (iii) for such other relief as is just and proper.

DATED: Santa Cruz, California
August 26, 2010

Respectfully submitted,

/s/ Sara J. Lipowitz
Attorney for Debtors

REPLY TO OBJECTION TO CONFIRMATION         Case No. 09-54650-ASW

3