Sara J. Lipowitz (State Bar No. 209163)
LAW OFFICE OF SARA J. LIPOWITZ
303 Potrero St., #45-102
Santa Cruz, California 95060
Telephone Number: (831) 427-0546
Facsimile Number: (831) 427-0530
Email Address: saral@lipowitzsolutions.com

Attorney for Debtors,
Noemi Valdez Pinedo and
Margarito Alonso Pinedo

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>NOEMI VALDEZ PINEDO and<br>MARGARITO ALONSO PINEDO,<br><br>    Debtors. | Case No. 09-54650-ASW<br><br>Chapter 11<br><br>**DEBTORS' REPLY TO SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO OBJECTION TO CLAIM**<br><br>**Hearing Date: Dec. 7, 2010**<br>**Time: 1:45 p.m.**<br>Place: U.S. Courthouse, 280 S. First St., San Jose, CA 95113<br>**Courtroom: 3020**<br>**Judge: The Honorable Arthur S. Weissbrodt** |

Debtors, NOEMI VALDEZ PINEDO and MARGARITO ALONSO PINEDO ("Debtors"), by and through their counsel, Law Office of Sara J. Lipowitz, submit this Reply to the Supplemental Memorandum in Opposition to Objection to Claim of The Bank of New York Mellon FKA The Bank of New York as Successor to JP Morgan Chase Bank, N.A. as Trustee for the Holders of SAMI II2006-AR6, MTG Pass-Through Certificates, Series 2006-AR6 (hereinafter "Mellon")

## Introduction

1. At a previous hearing on this matter, held on October 26, 2010, Claimant Mellon was instructed to provide affidavits proving Mellon is in possession of the promissory note at issue in this case. As will be shown, the affidavits Claimant has provided are insufficient, error-filled, and irrelevant.

2. Mellon has therefore failed to file an assignment chain that complies with the requirements of Federal Rule of Bankruptcy Procedure 3001(c) and also lacks standing to assert any claim against the Debtors' Estate. Its claim must be disallowed.

## Background

1. Claimant filed its Supplemental Memorandum in Opposition to Objection to Claim on November 22, 2010. Claimant attached two Declarations in Support, the first from Paul Webb, an employee of BAC Home Loans Servicing, and the second from Rosalia Gonzalez, also an employee of BAC Home Loans Servicing.

2. Debtors issued a Subpoena on November 5, 2010, to Jon Secrist, the notary public who verified the signature on the 7/14/10 assignment of the Deed of Trust from MERS to Mellon, requesting the pages of his notary book for that date. Counsel for BAC, Mr. Secrist's employer, objected to the Subpoena request on November 22, 2010. Debtor's counsel met and conferred with BAC's counsel on November 23, 2010 and granted an extension of time to respond to the Subpoena request to December, 3, 2010.

3. Debtors also issued a Request for Production of Documents to Mellon on November 15, 2010. As of this date, Mellon has not responded.

## Argument

1. Mellon, an unscheduled claimant, filed its claim on July 16, 2010, about nine months after the claims bar date. Mellon did not move this Court for leave to file a claim beyond the claims bar date, and did not allege grounds for good cause for late filing. Mellon's claim was untimely and should be disallowed under Fed. R. Bankr. P. 3003(c)(3). Furthermore, throughout this litigation, Mellon has stated that BAC Home Loans Servicing has been acting as its agent and servicer. On June 17, 2009, the Court served upon all parties, including BAC,[1] a Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, and Deadlines. [Docket #7]. Thereafter, on July 10, 2009, BAC filed a notice of appearance and identified a law firm in Georgia to receive all further pleadings. [Docket #11]. BAC duly participated in this case and received all notices; if BAC was truly acting as Mellon's agent, Mellon cannot now state it was not informed.

2. Mellon also purports it is entitled to enforce a claim against the Estate in its capacity as Trustee for a securitized trust, namely SAMI II2006-AR6, Mortgage Pass-Through Certificates, Series 2006-AR6. Claimant represents the Trust, which under the terms of its Pooling and Servicing Agreement available through EDGAR, the online searchable database of the U.S. Securities and Exchange Commission and filed August 7, 2006, was established to purchase mortgages and hold them as backing for securities that were issued for purchase by investors.[2] According to the PSA: "At the time of issuance of the certificates, the Depositor will cause the mortgage loans, together with all principal and interest due on or with respect to the mortgage loans after the cut-off date, to be sold to the trust. …" PSA §S 88-89.

---

[1] Mellon was not served as its name does not appear on any documents in the Debtors' possession.
[2] http://www.sec.gov/Archives/edgar/data/1367156/000091142006000487/d1198751.txt

3. Under this scheme, BAC Home Loans Servicing is only a payment conduit; the real beneficiary of payments made by the Debtors is Claimant. For Claimant to assert this right, however, it must show a complete chain of assignment from the loan originator, America's Wholesale Lender, to the final holder, namely SAMI II2006-AR6, Mortgage Pass-Through Certificates, Series 2006-AR6. Id.

4. As proof of assignment, Mellon attached several documents to its Proof of Claim, which was untimely filed on 7/16/10. These included: 1) An Adjustable Rate Note, executed on 6/2/06 in favor of America's Wholesale Lender and recorded by Countrywide Home Loans, Inc.; 2) A Deed of Trust, executed on 6/2/06 in favor of America's Wholesale Lender and recorded by Countrywide Home Loans, Inc.; and 3) a Corporation Assignment of Deed of Trust/Mortgage, executed on 7/14/10 from Mortgage Electronic Registration Systems, Inc. (MERS) to The Bank of New York Mellon fka the Bank of New York as Successor to JP Morgan Chase Bank, N.A., as Trustee for the holders of SAMI II2006-AR6, MTG Pass-Through Certs, Series 2006-AR6. With additional prodding, Claimant has also produced a letter showing that a merger took place between Countrywide Home Loans and BAC Home Loans Servicing. This assignment chain is insufficient to show that Mellon has complied with Federal Rule of Bankruptcy Procedure 3001(c) or that is it entitled to a security interest.

5. An instrument, including a secured note, is enforceable by the "holder" of the note. Cal. Comm. Code §3301(a). The "holder" is defined as the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession. Cal. Comm. Code §1201(a)(21), In re Hwang, 393 B.R. 701 (Bankr. C.D. 2008). When a note specifically identifies a party to which it is payable, the note cannot be transferred unless it is endorsed to the new party. Cal. Comm. Code §§ 3109, 3201, 3203, 3204. Furthermore, under California law, "an assignment of a note carries the mortgage with it, while an assignment of the mortgage alone is a nullity." In re Walker, (Bankr. E.D. Cal. 5/20/10), No., 10-21656, quoting Carpenter v. Longan, 83 U.S. 271, 274 (1872).

6.  In this case, Mellon has not been assigned the Note. The Note is payable to America's Wholesale Lender and there has been no endorsement of the Note to BAC Home Loans Servicing, The Bank of New York Mellon, or SAMI II2006-AR6, Mortgage Pass-Through Certs, Series 2006-AR6. A letter documenting a merger between Countrywide Home Loans and BAC Home Loans Servicing, while interesting from a historical perspective, is not an assignment of the Note or Deed of Trust.

7.  Even if Debtors were to concede that BAC Home Loans Servicing was indeed the recipient of a valid assignment of the Note and the Deed of Trust and therefore the actual holder, Mellon was not assigned the Note. Instead, Mellon has only an assignment of the Deed of Trust. This is insufficient to convey the right to be paid under the Note, and is legally a nullity. 4 Witkin Summary of California Law, Secured Transactions in Real Property §105.

8.  Mellon's sole interest is a Deed of Trust purportedly assigned to it by MERS, identified only as a "Nominee" for America's Wholesale Lender under the 6/2/06 Deed of Trust. The case at bar is identical to that of In re Walker, (Bankr. E.D. Cal. 5/20/10), No., 10-21656, in which Citibank attempted to enforce a Deed of Trust endorsed to Bayrock Mortgage Company but purportedly assigned to it by MERS. The Walker Court, like many others, concluded that as a "Nominee," MERS was not the owner of the underlying note and therefore had no interest it could transfer to Citibank. See also In re Vargas, 396 B.R. 511 (Bankr. C.D. Cal. 2008); In re Box, (Bankr. W.D. Mo. 6/3/10), No. 10-20086; In re Sheridan, 2009 Bankr. LEXIS 552 (Bankr. D. Idaho 5/12/09). The Pooling and Servicing Agreement for SAMI II2006-AR6, Mortgage Pass-Through Certs, Series 2006-AR6, also makes clear the fact that MERS has no underlying interest: "With respect to each mortgage loan subject to the MERS(R) System, Inc., in accordance with the rules of membership of Merscorp, Inc. and/or MERS, the assignment of the mortgage related to each such mortgage loan shall be registered electronically through the MERS(R) System and MERS shall serve as mortgagee of record solely as nominee in an

administrative capacity on behalf of the Trustee and shall not have any interest in such mortgage loans." PSA §S-88.

9. In addition, the assignment from MERS to Mellon occurred on 7/14/10, four years after the formation of the trust known as SAMI II2006-AR6, Mortgage Pass-Through Certs, Series 2006-AR6. According to a Supplemental Prospectus filed on 8/3/06 and available through EDGAR, the online searchable database of the U.S. Securities and Exchange Commission, this Trust was established with a Cut-Off Date of 7/1/06 and a Closing Date of 8/4/06.[3] Even if MERS had a complete, enforceable security interest to assign to Mellon, Mellon was legally unable, under the terms of its own Trust Agreement, to accept an assignment. Mellon therefore has no ownership interest to enforce, and is a stranger to this case.

10. Though Mellon claims to hold the promissory note, <u>no employee of Claimant has provided a Declaration in support of Claimant's Supplemental Memorandum</u>. Instead, employees of <u>another entity</u>, BAC Home Loans Servicing, have sworn under penalty of perjury that Mellon is the true owner of the note and is entitled to payment under the note. Declaration of Paul Webb, ¶14; Declaration of Rosalia Gonzalez, ¶2. The Declarants weave confusingly back and forth between stating they are employees of BAC but also somehow can testify to the business practices of Claimant Mellon. Declaration of Paul Webb, ¶¶1, 2; Declaration of Rosalia Gonzalez, ¶¶ 1, 2. But even allowing that BAC has authority to act for Mellon as duly authorized servicing agent, this could only be true if Mellon indeed received a valid assignment of the promissory note and deed of trust. All available evidence shows that it did not. In addition, Declarant Paul Webb also has sworn under penalty of perjury that the address of the property in question is 18012 Dali Drive, Los Angeles, CA. The actual property in question is 406 California Street, Salinas, CA.

REPLY TO SUPPLEMENTAL MEMORANDUM                                    Case No. 09-54650-ASW

6

Case: 09-54650    Doc# 113    Filed: 11/30/10    Entered: 11/30/10 15:44:14    Page 6 of 7

11. The case at bar is strikingly similar to Kemp v. Countrywide, Case No. 08-18700-JHW, United States Bankruptcy Court, District of New Jersey. On November 16, 2010, the Kemp Court found that Mellon Bank could not enforce its claim against the Debtor because the Note in question was never validly assigned to it from the originator, Countrywide Home Loans, under New Jersey law. Similarly, in this case the Note was not validly assigned to Mellon from the originator, America's Wholesale Lender, under California law.

## Conclusion

Mellon's claim should be disallowed due to untimely filing. In the alternative, Mellon's claim should be disallowed on the grounds that it has not demonstrated it has a valid security interest or an assignment chain sufficient to show compliance with Federal Rule of Bankruptcy Procedure 3001(c).

DATED: Santa Cruz, California
November 30, 2010

Respectfully submitted,

/s/ Sara J. Lipowitz
Attorney for Debtors

---

[3] http://www.sec.gov/Archives/edgar/data/1367156/000091142006000487/d1198751.txt